# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30016

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2015

Lyle W. Cayce
Clerk

JAMAHA ROBINSON,

Petitioner–Appellant,

v.

STATE OF LOUISIANA,

Respondent–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC 2:12-CV-749

ON THE COURT'S OWN MOTION

(Opinion March 25, 2015, ___ F. App'x ___, 2015 WL 1323334)

Before PRADO, ELROD, and GRAVES, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

The Court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified not having voted in favor (Fed. R. App. P. 35 and 5th Cir. R. 35), rehearing en banc is DENIED. In the en banc poll, seven judges voted in favor of rehearing (Judges Jolly, Jones, Smith, Clement, Owen, Elrod, and Southwick) and eight

judges voted against rehearing (Chief Judge Stewart and Judges Davis, Dennis, Prado, Haynes, Graves, Higginson, and Costa).

Rehearing en banc is DENIED. Judge Smith, joined by Judges Jones, Clement, and Elrod, dissents from the Court's denial of rehearing en banc, and his dissent is attached.

ENTERED FOR THE COURT

  /s/ Edward C. Prado

United States Circuit Judge

JERRY E. SMITH, Circuit Judge, joined by EDITH H. JONES, EDITH BROWN CLEMENT, and JENNIFER WALKER ELROD, Circuit Judges, dissenting from the denial of rehearing en banc:

Rehearing has failed by only one vote. That is remarkable for a case submitted without oral argument, resulting in an opinion that is unpublished, in response to which the State of Louisiana failed to file a petition for rehearing en banc.

Judge Elrod's compelling dissent, pointing out that the state habeas court had unequivocally adjudicated Robinson's claim on the merits, should have alerted the parties that the Fifth Circuit was giving close attention to the case. Yet the state remained mute.

It is indisputably more difficult to attract the attention of a majority of the judges where the request for an en banc poll is *sua sponte* and not in response to a petition for rehearing en banc. The natural default is that in an adversarial system of justice, the court should not devote its considerable en banc resources to a case in which the losing party declines to press its case beyond an unsuccessful result from the panel. Here, nonetheless, seven of the fifteen active judges evidently view the panel majority as having committed error so serious that the rare invocation of the entire court is needed. Indeed, it is likely that other judges, in addition to the seven, find reversible error in the majority opinion but have elected to let it stand only because the state defaulted in the defense of its previously stated position.

The panel majority's obvious error cries out for correction. The entire case, on collateral review, turns on the discrete question whether the trial judge's habeas ruling—on whether Robinson had adequately waived the right to counsel—was "on the merits" and thus subject to AEDPA deference.

Throughout these proceedings, both sides treated the state court's habeas decision as being on the merits, which is not surprising, given that that court ruled as follows:

> DENIED—Although defendant conducted his own defense[,] appointed counsel was present during the proceedings. The issue of representation was not raised on appeal by appointed defense counsel.

That statement is obviously a ruling on the merits (reasoning that Robinson had appointed counsel present to observe and available to assist), followed by a separate and alternative holding that the issue was procedurally defaulted (because it had not been raised).

Even the panel majority does not deny that if the order had ended with the first sentence, the ruling would be on the merits. The second sentence, separated from the first by a period, cannot reasonably be understood as casting the first into ambiguity. The majority's conclusion that the ruling, as a whole, is "ambiguous" is thus unsustainable. And the en banc court has failed by only one vote to undertake a rehearing to correct that evident error.

This opinion is enbancworthy because, even though unpublished, it infects our entire habeas jurisprudence by clouding what is meant by "ambiguous" in the context of merits declarations as distinguished from announcements of procedural default. It remains to be seen whether the State of Louisiana will file a petition for writ of certiorari, though the likelihood of success by that means is statistically much less than were the state's chances had it sought review by the en banc court.

I respectfully dissent.